UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-3-KAC-DCP |
| | ) | |
| DEMOND N. JACKSON, Jr., SEAN EVANS, | ) | |
| JR., CHARLES JORDAN, TIMMATHY | ) | |
| TROSPER, JOHN KNOTTS, GRETCHEN | ) | |
| HUTSON, ZACKARY MULLINS, HAYLEY | ) | |
| BUCHANAN, JASON EZELL, | ) | |
| KELLIE HAMIC, DAVID MILLER, | ) | |
| CODY ADAMS, and ETHAN PARTIN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or recommendation as appropriate. This case is before the Court on

Defendant Gretchen Hutson's Motion to Continue Trial and Deadlines [Doc. 120], filed on

February 18, 2026.

Defendant Gretchen Hutson asks the Court to continue the current trial date, which is set

for March 24, 2026, as well as all associated deadlines [*Id.*]. In support of her motion, Defendant

Hutson states her counsel was appointed on January 14, 2026 [*Id.* ¶ 2]. The Government produced

initial discovery documents on January 28, 2026, which consisted of over 33,000 documents,

videos, and photographs [*Id.* ¶ 3]. Additional discovery was provided on February 10, 2026, and

consisted of several terabytes of discovery consisting of pole camera footage [*Id.*]. Defendant

Hutson's counsel needs additional time to review discovery, research the unique issues surrounding

this case, conduct his own investigation, and pursue possible plea negotiations with the

Government [*Id.* ¶ 4]. Defendant Hutson understands that the period of time between the filing of

the motion to continue and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 5].

Codefendant David Miller filed a Motion to Continue Trial and All Relevant Deadlines [Doc. 121]. Codefendant Miller was appointed counsel on January 15, 2026 [*Id.* ¶ 1]. His counsel has received some electronic discovery from the Government but is still reviewing it and has not had sufficient time to discuss discovery with Defendant [*Id.* ¶ 2]. Codefendant Miller's counsel represents that the Government advised that additional discovery would be forthcoming [*Id.*]. Codefendant Miller further represents that his counsel has not been able to familiarize himself with discovery to have meaningful discussions with him prior to the pretrial motion deadline and plea deadline, or engage in significant discussions with him regarding the Government's case against him or any potential defenses to the charges in the Indictment [*Id.* ¶ 3]. Further, because of Codefendant Miller's counsel's schedule in other criminal and civil matters, as well as the current investigation into this matter and lack of discussion with Codefendant Miller, his counsel avers and alleges he cannot fulfill his obligations to provide the effective assistance of counsel unless the trial and all other relevant deadlines are continued [*Id.* ¶ 4]. Codefendant Miller's motion states that the Government has no objection to a continuance and that he is aware of his speedy trial rights and does not oppose a continuance of the trial [*Id.* ¶ 5].[1]

Codefendant Sean Evans, Jr. filed a Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 122], and similarly asks to continue the trial date and modify all other corresponding deadlines. Codefendant Evans's counsel has received discovery and is still in the process of reviewing it [*Id.* ¶ 3]. Codefendant Evans represents that preparation in this case

---

[1]     The Court notes that Codefendant Miller also filed a subsequent Notice of No Objection to Motion by Co-Defendant Hutson to Continue Trial and All Relevant Deadlines [Doc. 129].

2

will take additional time because his counsel needs to continue thoroughly reviewing discovery and going over the same with Codefendant Evans (who is being housed in a jail facility in another state) and evaluate the necessity of any potential motions in this matter [*Id.* ¶ 4]. His counsel has explained Codefendant Evans's right to a speedy trial to him and represents he understands the need for counsel to request a continuance in this matter [*Id.* at 2].

Codefendant John Knotts filed a Response to Motion to Continue by Codefendant and states he has no objection to the continuance [Doc. 125 p. 1]. Codefendant Knotts submits that he is aware of his speedy trial rights and hereby waives them as a part of his response [*Id.*].

Codefendant Hayley Buchanan similarly filed a Notice of No Objection to Motion to Continue (Doc. 120) and states she has no objection to the request for continuance, that she is aware of her speedy trial rights, and waives them for the purposes of this motion [Doc. 126 p. 1].

Codefendant Zackary Mullins filed a Response and Joinder in Codefendant's Motion to Continue Trial and Deadlines [Doc. 127]. He asks to join in the motion to continue and states that his counsel was recently substituted following the withdrawal of prior counsel [*Id.* ¶ 2]. Codefendant Mullins submits that given the recent substitution of counsel, his current counsel requires additional time to obtain and review discovery, thoroughly investigate the facts of the case, confer with Codefendant Mullins, and adequately prepare an effective defense [*Id.* ¶ 3]. Codefendant Mullins understands that the time period of the continuance will be excluded under the Speedy Trial Act [*Id.* ¶ 5].[2]

---

[2]     The Court notes that Codefendant Mullins had previously filed a Motion to Continue Motion Deadline and asked the Court to continue the pretrial motion deadline in light of his then-counsel's pending withdrawal [Doc. 117]. The Court **DENIES AS MOOT** Codefendant Mullins's motion [**Doc. 117**].

Codefendant Timmathy Trosper filed a Notice of No Objection and represents that he understands that the time between the filing the motion and the new trial date will be fully excluded for speedy trial purposes and does not oppose the motion [Doc. 128 p. 1].

Codefendant Charles Jordan filed a Response to Co-Defendant's Motion to Continue and submits he is not opposed to the said motion and is aware of his speedy trial rights [Doc. 130 p. 1].

Codefendant Demond N. Jackson, Jr. filed a Notice of No Objection to Motion to Continue Trial and All Associated Deadlines and submits that right to a speedy trial has been previously explained to him, that he is in custody, and he understands that the time between filing the Motion and the new trial date will be excluded for speedy trial purposes and does not oppose the Motion [Doc. 132 p. 1].

Codefendant Jason Ezell filed a Notice of No Objections to the Motion to Continue Trial and Deadlines (Doc. 120) and avers that he is similarly situated in that his counsel needs additional time to seek a resolution in this matter [Doc. 141 p. 1]. Codefendant Ezell is currently in custody and understands that the period of time between the filing of the motion for a continuance and the rescheduled court dates are fully excludable for speedy trial purposes [*Id.*].

Codefendant Cody Adams filed a Notice of No Objection to Motion to Continue [(Doc. 120)] and represents that he is aware of his speedy trial rights and waives them for the purposes of this motion [Doc. 142 p. 1].[3]

Codefendant Kellie Hamic filed a Notice of No Objections to the Motion to Continue Trial Date and Related Deadlines [(Doc. 120)] and states [s]he is similarly situated in that her counsel

---

[3]     The Court notes that since the filing of his notice of no objection, Codefendant Adams has filed a plea agreement on the record [Docs. 144, 145].

needs additional time to review discovery and seek a resolution to this matter [Doc. 146 p. 1]. Codefendant Hamic is currently in custody and understands that the period of time between the filing of the motion for a continuance and the rescheduled court dates are fully excludable for speedy trial purposes [*Id.*].

Codefendant Ethan Partin filed a Notice of No Objection to Continue Trial and Deadlines and avers that he is aware of his speedy trial rights and waives them for the purposes of this motion [Doc. 148 p. 1].

Based upon the information contained in Defendant Hutson's, Miller's, and Evans's motions and because the Government and Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendants need time to receive and review discovery with Defendants, conduct investigation, confer with the Government regarding a potential resolution, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the March 24, 2026 trial date.

The Court therefore **GRANTS** Defendants Hutson's Motion to Continue Trial and Deadlines [**Doc. 120**], Defendant David Miller's Motion to Continue Trial and All Relevant Deadlines [**Doc. 121**], and Defendant Sean Evans, Jr.'s Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 122**]. The trial of this case is reset to **September 1, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting

5

a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on February 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Gretchen Hutson's Motion to Continue Trial and Deadlines **[Doc. 120]**, Defendant David Miller's Motion to Continue Trial and All Relevant Deadlines **[Doc. 121]** and Defendant Sean Evans, Jr.'s Motion to Continue Trial Setting and All Corresponding Deadlines **[Doc. 122]** are **GRANTED**;

(2) the trial of this matter is reset to commence on **September 1, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the initial motion on **February 18, 2026**, and the new trial date of **September 1, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the pretrial motion deadline is **April 6, 2026,** and responses to the pretrial motions are due on **April 20, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 31, 2026**;

(6) the deadline for filing motions *in limine* is **August 17, 2026,** and responses to motions *in limine* are due on or before **August 25, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **August 13, 2026, at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 21, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge